J-S49032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN A. WOODLEY | |
| Appellant | No. 3441 EDA 2013 |

Appeal from the PCRA Order entered November 20, 2013
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001861-2010

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant, Kevin A. Woodley, appeals from the November 20, 2013 order of the Monroe County Court of Common Pleas denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On October 4, 2010, Appellant was charged with several crimes in connection with a shooting.  Following a jury trial, Appellant was convicted of two counts of aggravated assault, four counts of simple assault, and one count each of recklessly endangering another person and possessing an instrument of crime.  The trial court sentenced Appellant to an aggregate prison term of 66 to 132 months.  Appellant timely appealed.  On November 20, 2012, this Court affirmed.  ***See Commonwealth v. Woodley***, 2846 EDA 2011, unpublished memorandum at 1-10 (Pa. Super. filed November

20, 2012).  Our Supreme Court denied Appellant's Petition for Allowance of Appeal on May 15, 2013.  *See Commonwealth v. Woodley*, 67 A.3d 797 (Pa. 2013).

On July 12, 2013, Appellant timely filed the instant PCRA petition. After appointing counsel, and holding a hearing, the trial court denied Appellant's petition.  This appeal followed.

Appellant raises the following issues for our review:

Did the trial court err in finding trial counsel was not ineffective for failing to request a corrupt and polluted source instruction since the Commonwealth relied on testimony from the co-defendant involved in the case[?]

Was the imposition of a deadly weapons [sic] enhancement a violation of [Appellant]'s right to due process since the jury was not asked to find beyond a reasonable doubt whether the weapon was used for the specific offenses to which the enhancement was applied[?]

Appellant's Brief at 7.

In reviewing the propriety of a PCRA court's order dismissing a PCRA petition, we are limited to determining whether the PCRA court's findings are supported by the record and whether the order in question is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

In his first claim, Appellant raises an issue of ineffective assistance of counsel.  Specifically, Appellant argues his trial counsel provided ineffective assistance of counsel as a result of his failure to request a corrupt and

polluted source instruction in connection with the testimony of Appellant's accomplice and co-defendant. We disagree.

To obtain relief on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) resulting prejudice such that there is a reasonable probability that the result of the proceedings would have been different but for counsel's error. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)). Finally, a petitioner must satisfy all three prongs of the test for ineffectiveness, or the claim must be rejected. ***Commonwealth v. Baumhammers***, 92 A.3d 708, 719 (Pa. 2014).

There is no issue the underlying claim (corrupt source charge) has arguable merit under the circumstances of the case.[1] ***See*** Trial Court

---

[1] ***See Commonwealth v. Williams***, 732 A.2d 1167, 1181 (Pa. 1999):

> With respect to the corrupt source charge, it is well established that, in any case in which an accomplice implicates the defendant, the trial court should instruct the jury that the accomplice is a corrupt and polluted source whose testimony should be considered with caution. The charge is indicated in cases in which the evidence is sufficient to present a jury question with respect to whether the Commonwealth's witness is an accomplice. Such a jury question is present when the witness could be indicted for the crime for which the accused is charged. A person may be indicted as an accomplice where the evidence would establish that he knowingly and voluntarily cooperated

*(Footnote Continued Next Page)*

Opinion, 11/21/13, at 5. The trial court, however, found trial counsel had a reasonable basis for not requesting the instruction. *Id.* at 6. We agree. To this end, the learned trial court noted:

> Here, a review of the record amply supports a conclusion that trial counsel had some reasonable basis for not requesting [a corrupt source charge]. [Trial] [c]ounsel argued that [Appellant] was innocent, and the defense strategy was to show that [co-defendant] shot the gun into the crowd. Trial counsel stated that it was [Appellant]'s position during the trial that he was not the shooter—rather [co-defendant] was responsible. . . . [I]nstructing the jury that [co-defendant]'s testimony should be used cautiously because [Appellant] and [co-defendant] were accomplices would be damaging to his defense and confusing to the jury.

*Id.*[2]

---

*(Footnote Continued)* ———————————

> with or aids another in the commission of a crime with the intent to assist the principal.

*Id.* (citations and quotation marks omitted).

[2] Similarly, Appellant summarized trial counsel's strategy as follows:

> Although trial counsel considered requesting the [charge] and researched the matter, trial counsel chose not to request the instruction. . . . Trial counsel claims his decision against requesting the instruction was based on his strategy to prove Appellant was not involved in the shooting in any way. He also claims he was concerned that the use of the word accomplice would derogate the strategy. More specifically, he opined that the word accomplice would automatically link the Appellant to the crime and implicate him as participant.

Appellant's Brief at 16.

Thus, it is clear from the record trial counsel had a reasonable strategy intended to effectuate Appellant's interests. While the strategy might not have worked as hoped, this is not sufficient for finding ineffective assistance of counsel. *See Commonwealth v. Birdsong*, 24 A.3d 319, 341 (Pa. 2011) (citing *Harrington v. Richter*, 131 S. Ct. 770, 790–92 (2011) ("[I]f all that can be shown is 'merely that the defense strategy did not work out as well as counsel had hoped,' ineffectiveness claim should not be granted.")).

Appellant acknowledges that well-settled "case law suggests that it is a reasonable trial tactic for counsel to forego requesting a corrupt and polluted source instruction where the trial strategy is to prove he/she was not involved in the crime." Appellant's Brief at 17. Nonetheless, according to Appellant, the jury charge was still appropriate because the defense strategy was to show that co-defendant was accomplice to someone else, not Appellant.

This reinterpretation of trial counsel's strategy is not consistent with Appellant's own summary of the trial counsel's stated strategy,[3] and finds no support in the record.[4] In fact, the trial court found Appellant's strategy was

---

[3] *See supra* n.3.

[4] We also note the transcripts of the PCRA hearing are not part of the original record forwarded to this Court.

to show that co-defendant was the shooter, and that he had nothing to do with the shooter or the shooting. Trial Court Opinion, 11/21/13, at 6.

Appellant, in essence, is not arguing the strategy employed was unreasonable. Rather, Appellant argues another strategy was available, and trial counsel was ineffective for not taking the other strategy. The argument is without merit.

Appellant's argument fails to account for the applicable standard of review of ineffective assistance of counsel claims. A court may find the strategy employed had no reasonable basis "only if [a]ppellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued," *Commonwealth v. Hutchinson*, 25 A.3d 277, 285 (Pa. 2011) (citation omitted), or, the alternative, that "in light of all the alternatives available to trial counsel, the strategy actually employed by him was so unreasonable that no competent lawyer would have chosen that course of conduct." *Commonwealth v. Williams*, 640 A.2d 1251, 1265 (Pa. 1994). "Counsel's decisions will be considered reasonable if they effectuated his client's interests." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citing *Commonwealth v. Miller*, 987 A.2d 638, 653 (Pa. 2009)). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." *Id.* Finally, " [a]lthough we do not disregard completely the reasonableness of other alternatives available to counsel, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's

decision had any reasonable basis." ***Commonwealth v. Cooper***, 941 A.2d 655, 664 (Pa. 2007) (quotation marks and citation omitted).

Here, Appellant has demonstrated, if anything, there was an alternative to the strategy employed by trial counsel. However, Appellant failed to argue, let alone prove, the alternative "offered a potential for success substantially greater that the course actually pursued" or that "no competent lawyer would have chosen that course of action." ***Hutchinson***, ***supra***; ***Williams***, ***supra***. The challenge, in fact, amounts to second guessing trial counsel. We will not do so. ***Commonwealth v. Rivers***, 786 A.2d 923, 930 n.5 (Pa. 2001).

Next, Appellant argues the trial court erred in applying a deadly weapon enhancement[5] because there was no finding by the jury that

---

[5] ***See*** 204 Pa. Code § 303.10(a)(2), which provides:

> (2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:
>
> (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or
>
> (ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or
>
> (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

*(Footnote Continued Next Page)*

Appellant used a weapon in the course of the commission of crimes he had been convicted. Appellant argues, the imposition of the enhancement was illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013), "since the jury was specifically asked to determine whether Appellant used a weapon with the intent to cause bodily injury to another and acquitted Appellant of the two specific counts of aggravated assault—deadly weapon pertaining to the two victims the enhancement was applied." Appellant's Brief at 25. Appellant also notes that neither recklessly endangering another person nor disorderly conduct—some of other Appellant's convictions—required proof that of a weapon was used in the commission of these two offenses. Accordingly, Appellant reasons the jury was never instructed, and therefore never found, Appellant used a weapon in these other crimes. **Id.** at 26. This claim fails for many reasons.

Despite Appellant's characterization, it is well-established a challenge to the imposition of the deadly weapon enhancement is in fact a challenge to the discretion of the trial court, not to the legality of the sentence. **See**, **e.g.**, **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*); **Commonwealth v. Pennington**, 751 A.2d 212, 216 (Pa. Super. 2000). Appellant should have raised it as such before the trial court, but failed to do so. Failure to raise the discretionary aspects before the trial

*(Footnote Continued)* —————————

**Id.**

court results in a waiver of the challenge. ***Commonwealth v. Felder***, 75 A.3d 513, 515 (Pa. Super. 2013). Here, it is undisputed Appellant failed to timely and properly raise this discretionary aspects challenge before the trial court. Accordingly, the claim is waived.

Furthermore, it is well-established claims involving the discretionary aspects of a sentence are not reviewable in the PCRA context ***See***, ***e.g.***, ***Commonwealth v. Jordan***, 772 A.2d 1011, 1106 (Pa. Super. 2001) ("This Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA."); ***see also*** ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007); ***Commonwealth v. Evans***, 866 A.2d 442, 444-45 (Pa. Super. 2005). Accordingly, the claim is not cognizable under the PCRA.

It is well-established that ***Alleyne*** does not require "that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." ***Alleyne***, 133 S. Ct. at 2163. In this regard, this Court recently noted:

> ***Alleyne*** and [***Apprendi v. New Jersey***, 530 U.S. 466 (2000)], dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case does not involve either situation; instead, we are dealing with a sentencing enhancement [*i.e.*, deadly weapon]. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to

sentence outside the guideline range. Therefore, neither of the situations addressed in *Alleyne* and *Apprendi* are implicated.

*Buterbaugh*, 91 A.3d at 1270 n.10. *See also United States v. Ramirez-Negron*, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne.*"); *United States v. Benn*, --- F. App'x ----, 2014 WL 2109806, at *11 (4th Cir. May 21, 2014) ("*Alleyne* has no application to [a]ppellants' sentences in this case. The district court's drug quantity determinations at sentencing did not increase [a]ppellants' statutory mandatory minimum sentences, but rather, were used to determine their advisory Guidelines ranges."). Thus, reliance on *Alleyne* is misplaced.

Finally, we note the argument (*i.e.*, jury did not find that Appellant used a deadly weapon) is based on Appellant's selective recollection of the facts and/or misunderstanding of the law.

While Appellant was acquitted of two aggravated assault-deadly weapon charges and neither recklessly endangering another person nor disorderly conduct required proof that a weapon was used in the commission of these two offenses, Appellant fails to mention that he was convicted of possessing an instrument of crime, *i.e.*, a weapon, in the commission of the crimes he was convicted. While the jury's findings might be at odds, inconsistent verdicts are permissible. "[T]he law is clear that inconsistent

verdicts are permissible in Pennsylvania." ***Commonwealth v. States***, 938 A.2d 1016, 1025 (Pa. 2007).

Appellant seems also to ignore that a deadly weapon enhancement is imposed by the trial court, not the jury, if certain conditions are met, ***see*** 204 Pa. Code § 303.10(a)(2), and fails to appreciate that Appellant's conviction of crimes that did not include possession/use of a deadly weapon, not only does not negate the enhancement, but actually warrants its applicability. The enhancement, in fact, can be applied only if a weapon was possessed/used in the commission of a crime, as long as it does not involve any crime enumerated in 204 Pa. Code § 303.10(a)(3) or the possession/use of a weapon is not an element of the crime itself. ***See Id.*** § 303.10(a)(3)(ix). Accordingly, in addition to being waived, this claim is not cognizable, unsupported, and meritless. Thus, we conclude the trial court did not abuse its discretion in imposing the sentencing enhancement.

In light of the foregoing, we affirm the trial court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2014