J-S13017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES STEPHON JOHNSON | |
| Appellant | No. 781 WDA 2014 |

Appeal from the Judgment of Sentence April 7, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001345-2013

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 05, 2015**

Appellant, Charles Stephon Johnson, appeals from the April 7, 2014 aggregate judgment of sentence of four to eight years' imprisonment, imposed after he was found guilty of one count each of intimidation of a witness, terroristic threats, and simple assault.[1]  After careful review we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows.

> This case had its genesis with events which occurred on January 30, 2013.  That day, Appellant was involved in a violent fight with Antwane McCaleb in Kramer's On the Avenue, a bar in Erie, Pennsylvania.  The incident began in the men's room, and continued outside the restroom in the

_____

[1] 18 Pa.C.S.A. §§ 4952(a)(3), 2706(a)(1), and 2701(a)(3), respectively.

poolroom area. Michael Wellman, the tavern owner, and his girlfriend, Mary Shauberger, who is employed at the bar, were present. Wellman witnessed a portion of the incident, which was recorded on videotape by the tavern's security system. Appellant was charged at Erie County Docket No. 855 of 2013 with [a]ggravated [a]ssault, a second[-]degree felony; [t]erroristic [t]hreats, a first[-]degree misdemeanor; [r]ecklessly [e]ndangering [a]nother [p]erson, a second[-]degree misdemeanor; and [d]isorderly [c]onduct, a summary offense.

Pursuant to a plea agreement, the charge of [a]ggravated [a]ssault was changed to [s]imple [a]ssault, a misdemeanor. The remaining charges were *nolle prossed* as part of the plea agreement. On July 10, 2013, Appellant entered a guilty plea to [s]imple [a]ssault. On September 10, 2013, Appellant was sentenced to 6 to 12 months of incarceration, consecutive to Count 4 at Erie County Docket No. 310 of 2013.[2]

In the early afternoon of March 26, 2013, before the underlying criminal action was resolved, Appellant returned to Kramer's. Appellant approached the bar area where Wellman and Shauberger were sitting side-by-side doing paperwork. Wellman's father and a bartender were also present.

Wellman asked Appellant to leave when Appellant entered the bar. Appellant appeared angry and refused to leave. Appellant demanded the videotape of the bar fight involving Appellant in January of 2013. Appellant came nose-to-nose with Wellman. Appellant yelled at Wellman and

_____

[2] At docket number CP-25-CR-310-2013, Appellant pled guilty to one count each of carrying a firearm without a license and intentional possession of a controlled substance. The trial court imposed an aggregate sentence of three to seven years' imprisonment.

Shauberger, calling them a "snitch" and a "b _ _ _ _", and telling them they were "marked" persons. Appellant threatened to put a bullet in their heads. Appellant told Wellman and Shauberger they were unsafe, and it would never be safe for them to walk outside without having to worry Appellant would come for them. Appellant leaned forward and took a full swing with his hand toward Shauberger's face and knocked a cigarette out of her mouth. Shauberger asked Appellant to leave the bar a number of times. When Appellant refused to leave, Shauberger ran to the kitchen and called 911. Wellman and Shauberger were afraid and feared for their lives. Appellant remained in the bar and was present when the police arrived.

City of Erie Police Officers Roofner and Attalla responded to the dispatch, arrived at Kramer's at approximately 4:45 p.m., and arrested Appellant. Wellman and Shauberger were visibly shaken and afraid when the police arrived. Wellman told the officers the alarm and video security system were not turned on when Appellant arrived. Wellman showed the officers the security system and turned it back on in their presence.

Trial Court Opinion, 7/2/14, at 2-3 (internal citations omitted).

On June 12, 2013, the Commonwealth filed an information charging Appellant with one count each of intimidation of a witness, terroristic threats, and simple assault.[3] On November 12, 2013, Appellant proceeded to a one-day bench trial, at the conclusion of which the trial court found Appellant guilty of all charges. On April 7, 2014, the trial court imposed an

_____

[3] For clarity, this is a second simple assault charge, independent of the charge Appellant pled guilty to on July 10, 2013.

aggregate sentence of four to eight years' imprisonment.[4]   On April 28, 2014, Appellant filed an untimely "Post Sentence Motion *Nunc Pro Tunc*," which the trial court denied on May 6, 2014.  On May 7, 2014, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises the following two issues for our review.

_____

[4] Specifically, the trial court imposed a sentence of four to eight years' imprisonment for intimidation of a witness, relevant to this appeal, graded as a second-degree felony.  The trial court imposed a sentence of six to 12 months' imprisonment for the terroristic threats and simple assault charges.  All sentences were to run concurrent to each other but consecutive to any other sentence Appellant was already serving.

[5] The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) statement on May 9, 2014.  The statement was due 21 days from the date of said filing, on May 30, 2014.  The trial court's docket reflects that the order was served the same day.  Appellant did not request an extension of time to file his Rule 1925(b) statement.  Appellant's Rule 1925(b) statement was not filed until June 11, 2014.  Our Supreme Court has held that "Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered[.]" **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

However, this Court has held that failure to timely file a Rule 1925(b) statement is the equivalent of a failure to file said statement. **Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012), *citing* **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*).  Both failures constitute *per se* ineffective assistance of counsel, which in criminal cases ordinarily requires a remand pursuant to Rule 1925(c)(3).  **Id.**  However, this Court held "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented." **Id.**  On July 2, 2014, the trial court issued its Rule 1925(a) opinion, addressing the issues Appellant now raises before this Court.  Therefore, pursuant to **Thompson**, we may address the merits of Appellant's claims.

A.    Whether the trial court erred in grading Appellant's conviction for intimidation of witnesses or victims as a felony of the second degree when the charge was ultimately based on a conviction for simple assault – a misdemeanor[?]

B.    Whether the sentence imposed by the trial court was illegal, in part, as it was based on an improper grade of a felony of the second degree or, in the alternative, whether the sentence was manifestly excessive and clearly unreasonable[?]

Appellant's Brief at 3.

In his first issue, Appellant avers that the trial court erroneously graded his conviction for intimidation of witnesses as a second-degree felony, as it was based on his conviction for simple assault which was graded as a second-degree misdemeanor. Appellant's Brief at 7. The Commonwealth counters that the gradation was proper because the conviction was based on the charge originally sought by the Commonwealth, aggravated assault, which was graded a second-degree felony. Commonwealth's Brief at 4.

At the outset, we note the grading of a felony goes to the legality of the sentence. *Commonwealth v. Felder*, 75 A.3d 513, 515 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa.

Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

In this case, Appellant was convicted of intimidation of witnesses, the statute for which provides as follows.

### § 4952. Intimidation of witnesses or victims

…

**(b) Grading.--**

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

(iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.

(v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

(2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952(b). Appellant argues that because the sentence he pled guilty to was simple assault graded as a second-degree misdemeanor, the instant offense should have been graded as a second-degree misdemeanor as well. Appellant's Brief at 7. However, in the Commonwealth's view, because it originally charged Appellant with aggravated assault as a second-degree felony, the gradation was proper, and it is of no moment that

Appellant pled guilty to simple assault as a second-degree misdemeanor. Commonwealth's Brief at 4. Both parties cite to our decision in **Felder**.

In **Felder**, the defendant was convicted by a jury of intimidation of a witness, simple assault, and criminal conspiracy. **Felder**, **supra** at 514. Relevant to her appeal, the jury deadlocked on the charge of aggravated assault, and the Commonwealth *nolle prossed* the charge. **Id.** Felder challenged the grading of her intimidation of a witness conviction as a first-degree felony on the same grounds as Appellant does in this case.

> Felder… argues that because the jury hung on the aggravated assault charge and it was *nolle prossed* by the Commonwealth before sentencing, application of subsection 4952(b)(2) was improper here. According to Felder, the language of subsection 4952(b)(2) is ambiguous, and the proper interpretation should be that grading is based upon the highest grade offense existing at the time of sentencing upon which the jury reached a verdict. Based upon this interpretation, Felder contends that she should have been sentenced on the witness/victim intimidation conviction as a second[-]degree misdemeanor.

**Id.** at 516 (internal quotation marks and citations omitted). After applying traditional statutory construction principles, this Court concluded that Section 4952(b) is not ambiguous.

> If "a felony of the first-degree ... was charged in the case," then the offense of witness/victim intimidation is graded as a first-degree felony. If the most serious offense charged in the case was a second degree felony, then the witness/victim intimidation offense is graded as a second-degree felony. If no first-degree or second-degree felony was charged in the case, but the criminal defendant nevertheless

sought to influence or intimidate a witness or victim in any manner described in subsection 4952(b)(1), then the witness/victim intimidation offense is graded as a third degree felony. In all other cases, the offense of witness/victim intimidation is graded as a second-degree misdemeanor.

*Id.* Applying these principles to Felder's case, this Court noted that because the defendant was charged with aggravated assault as a first-degree felony, the grading of the intimidation of a witness charge, also as a first-degree felony, was proper. *Id.*

A first-degree felony was *charged in this case,* and thus the trial court properly graded Felder's conviction for witness/victim intimidation as a first-degree felony pursuant to subsection 4952(b)(2). Felder's alternative interpretation of this subsection would require us to insert additional language into the statute, namely that the first-degree felony charge "continued to exist in the case at the time of sentencing." Nothing in section 4952(b)(2) suggests that the legislature intended such a result. To the contrary, the statute's focus on the most serious crime charged makes eminent sense, since the relevant charge is the most serious one a criminal defendant attempted to escape by use of intimidation.

*Id.* at 517.

Instantly, Appellant notes that this case is similar to *Felder*. Appellant's Brief at 8. Like in *Felder*, the Commonwealth charged Appellant with aggravated assault as a second-degree felony, which was "the most serious offense charged in the case in which [Appellant] sought to influence or intimidate a witness[.]" 18 Pa.C.S.A. § 4952(b)(3). However, Appellant argues that this case is different than *Felder* because "[p]ursuant to a plea

agreement, the charge was amended to [s]imple [a]ssault and the remaining charges were *nolle prossed*." Appellant's Brief at 8. Therefore, in Appellant's view, the second-degree felony gradation was improper because it "was based on a charge that no longer existed." ***Id.***

We conclude this is a factual distinction without a legal difference. In both cases, the aggravated assault charge that served as the basis for the gradation of the intimidation of a witness charge as a felony was dropped. In ***Felder***, it was *nolle prossed* after a hung jury, and in this case it was *nolle prossed* following an amendment of the charge to simple assault pursuant to a plea bargain. Appellant does not explain why this factual distinction makes a legal difference. It appears that Appellant is trying to make the same argument as was attempted in ***Felder***, to add additional text into Section 4952, "namely that the [second]-degree felony charge 'continued to exist in the case at the time of sentencing.'" ***Felder***, ***supra***. As ***Felder*** rejected this extra caveat for Section 4952(b)(2), we reject it as well for Section 4952(b)(3). Based on these considerations, we conclude the trial court did not impose an illegal sentence when it graded Appellant's intimidation of witnesses charge as a second-degree felony. ***See Akbar***, ***supra***. As a result, Appellant is not entitled to relief on this issue.

In his second issue, Appellant avers that if his sentence is legal, it was nevertheless "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code." Appellant's Brief

at 8. Specifically, Appellant argues that the trial court "failed to consider the fact that the sentence was disproportionate to the circumstances and the actions alleged to [] Appellant." *Id.* at 9.

At the outset, we note that Appellant's issue on appeal pertains to the discretionary aspects of his sentence. It is axiomatic that in this Commonwealth "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "Rather, an [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

In the case *sub judice*, we note that Appellant filed a timely notice of appeal. We further observe that Appellant has included a Rule 2119(f) statement in his brief. However, as noted above in the procedural history of this case, Appellant filed his post-sentence motion 21 days after the imposition of sentence. *Cf.* Pa.R.Crim.P. 720(A)(1) (stating, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence[]"). Although Appellant titled his post-sentence motion as one filed "*nunc pro tunc*," the trial court did not expressly grant Appellant permission to file a post-sentence motion *nunc pro tunc*. This is a requirement under our cases. *See, e.g.*, *Commonwealth v. Patterson*, 940 A.2d 493, 498 n.3 (Pa. Super. 2007) (stating, "a post-sentence motion cannot toll the appeal period unless the appellant files a motion seeking permission to file a post-sentence motion *nunc pro tunc* and the trial court expressly grants this request within thirty days of the imposition of the sentence[]"); *Commonwealth v. Dreves*, 839 A.2d 1122, 1129 (Pa. Super. 2003) (*en banc*) (stating, "[t]he trial court's resolution of the merits of the

- 12 -

late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief[]"). Based on these considerations, we conclude Appellant has failed to preserve any issue pertaining to the discretionary aspects of his sentence.[6] ***See Trinidad***, ***supra***.

Based on the foregoing, we conclude both of Appellant's sentencing claims are either waived or devoid of merit. Accordingly, the trial court's April 7, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015

---

[6] Even if Appellant's post-sentence motion was timely and assuming *arguendo* that Appellant had raised a substantial question for our review, we would still nevertheless deem his issue waived. Appellant's argument for this issue is woefully underdeveloped for this Court to engage in any meaningful appellate review, thus we would deem Appellant's issue waived on this basis as well. ***See generally Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived[]"), *cert. denied*, ***Johnson v. Pennsylvania***, 131 S. Ct. 250 (2010).