J. S83002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                  v.           :
                              :
ROMAN BAZHUTIN,           :        No. 1338 WDA 2015
                              :
           Appellant      :

Appeal from the Judgment of Sentence, July 30, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0008005-2014,
CP-02-CR-0011237-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED DECEMBER 30, 2016**

Roman Bazhutin appeals from the July 30, 2015 aggregate judgment of sentence of 11½ to 23 months' imprisonment, followed by 2 years' probation, imposed following a revocation of his probation.[1]  For the reasons that follow, we vacate appellant's sentence and remand this matter so that the trial court can conduct a limited evidentiary hearing to determine whether he should receive an additional 33 days' credit for time-served.  In all other respects, we affirm appellant's convictions.

---

* Retired Senior Judge assigned to the Superior Court.

[1] The trial court granted appellant 114 days' credit for time-served for the period he spent in custody from April 8 to July 30, 2015.  (*See* notes of testimony, 7/30/15 at 4; trial court order, 7/30/15; No. CP-02-CR-0011237-2014.)

A prior panel of this court summarized the relevant facts of this case as follows:

> On May 18, 2014, Officer James Fleckenstein, Jr. of the Castle Shannon Police Department responded to a 911 call to [appellant's] residence for a domestic assault. Upon arriving at the home, Officer Fleckenstein observed a bleeding laceration on the back of [appellant's girlfriend, Tracey] Ondek's head. Ms. Ondek told the Officer that [appellant] pushed her against the wall and her head hit a corner, causing the laceration. Although Ms. Ondek did appear to be intoxicated, she was aware of what she was describing. Officer Fleckenstein watched Ms. Ondek write and sign a statement and took pictures of her injury.
>
> Thereafter, on July 27, 2014, Officer William Kress of the Castle Shannon Police Department responded to another 911 call to [appellant's] residence for a domestic assault. Upon arriving at the home, Officer Kress observed that Ms. Ondek's cheek and both of her eyes were swollen and she was shaking. Ms. Ondek told Officer Kress that [appellant] "beat her up." Again, although Officer Kress did smell alcohol on Ms. Ondek's breath, she was aware of and understood his questions. Officer Kress then watched Ms. Ondek write and sign a statement.
>
> Ms. Ondek testified that on both occasions she was intoxicated and remembered neither the events nor preparing the written statements for the police.

*Commonwealth v. Bazhutin*, 144 A.3d 188 (Pa.Super. 2016) (unpublished memorandum at 2), citing trial court opinion, 7/21/15 at 3-4.

J. S83002/16

Appellant was subsequently charged with two counts of simple assault and one count of harassment[2] in connection with these incidents. Appellant waived his right to a jury trial and proceeded to a bench trial on January 28, 2015. Following a one-day trial, appellant was found guilty of all charges. Appellant was sentenced that same day to an aggregate term of 4 years' probation. (Notes of testimony, 1/28/15 at 30; *see also* trial court orders, 1/28/15, Nos. CP-02-CR-0008005-2014 and CP-02-CR-0011237-2014.) On February 6, 2015, appellant filed a post-sentence motion for a new trial that was denied on February 13, 2015. On March 13, 2015, appellant filed a timely notice of appeal. A panel of this court affirmed appellant's judgment of sentence on March 3, 2016. *Bazhutin*, 144 A.3d 188. Appellant did not seek allowance of appeal with our supreme court.

On April 23, 2015, the trial court conducted a *Gagnon I* hearing,[3] wherein it was revealed that appellant had been arrested and charged in connection with a third assault of Ondek that had occurred on March 24, 2015. (Notes of testimony, 4/23/15 at 2.) Thereafter, on June 23, 2015, the trial court commenced a *Gagnon II* hearing, which was continued so that a presentence investigation report ("PSI") could be prepared. (Notes of

[2] 18 Pa.C.S.A. §§ 2701 and 2709, respectively.

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (holding that a defendant accused of violating probation is entitled to two hearings: 1) a pre-revocation hearing to determine probable cause of a violation (*Gagnon I*); and 2) a more comprehensive revocation hearing to establish a violation and determine whether revocation is warranted (*Gagnon II*).)

- 3 -

testimony, 6/23/15 at 3-4.) Following the preparation of a PSI report, the trial court conducted a full ***Gagnon II*** hearing on July 30, 2015. Thereafter, that same day, the trial court revoked appellant's probation and resentenced him to an aggregate term of 11½ to 23 months' imprisonment, followed by 2 years' probation. (Notes of testimony, 7/30/15 at 4.) As noted, the trial court also granted appellant 114 days' credit for time-served. (***Id***; ***see also*** trial court order, 7/30/15; No. CP-02-CR-0011237-2014.)

On August 6, 2015, appellant filed a post-sentence motion for reconsideration of his sentence, which was denied by the trial court on August 13, 2015. On August 28, 2015, appellant filed a timely notice of appeal. On September 4, 2015, the trial court ordered appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Following several extensions, appellant filed a timely Rule 1925(b) statement on February 5, 2016. Thereafter, on March 7, 2016, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> I. WHETHER THERE WAS INSUFFICIENT EVIDENCE PRESENTED ESTABLISHING THAT [APPELLANT] WAS IN VIOLATION OF HIS PROBATION AT BOTH CC 201408005 AND CC 201411237?
>
> II. IS THE REVOCATION SENTENCE IMPOSED AT CC 201411237 ILLEGAL IN THAT IT FAILS TO GIVE APPROPRIATE TIME CREDIT?
>
> III. IN REVOKING [APPELLANT'S] PROBATIONS AND RESENTENCING HIM TO A SENTENCE OF

TOTAL CONFINEMENT OF 11½-23 MONTHS['] COUNTY INCARCERATION AT CC 201411237, AND TO 2 YEARS PROBATION AT CC 201408005, WHETHER THE TRIAL COURT ABUSED ITS SENTENCING DISCRETION WHEN IT FAILED TO PLACE REASONS ON THE RECORD JUSTIFYING ITS SENTENCING DECISION, REVOCATION WAS BASED SOLELY ON A TECHNICAL VIOLATION OF PROBATION AND THE REQUIREMENTS OF 42 PA.C.S.A. § 9721(B) AND 42 PA.C.S.A. § 9725 WERE NOT MET?

Appellant's brief at 12. For the ease of our discussion, we have elected to address appellant's claims in a slightly different order than presented in his appellate brief.

Appellant first argues that there was insufficient evidence to establish that he violated the terms of his probation. (Appellant's brief at 21.) In support of this contention, appellant maintains that, "at the time of revocation, [he] had not yet proceeded to trial on the [March 24, 2015 simple assault] charge . . . [and] the mere fact of an arrest has no probative value and is insufficient to warrant revocation of probation." (*Id.*) We disagree.

Preliminarily, we note that a revocation of probation is governed by 42 Pa.C.S.A. § 9771, which provides, in relevant part, as follows:

> **(b)** **Revocation.--**The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing,

- 5 -

due consideration being given to the time spent serving the order of probation.

**(c)    Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1)    the defendant has been convicted of another crime; or

(2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)    such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(b), (c).

This court has long recognized that the Commonwealth bears the burden of proving a probation violation by a preponderance of the evidence.

The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

***Commonwealth v. A.R.***, 990 A.2d 1, 4 (Pa.Super. 2010), ***affirmed***, 80 A.3d 1180 (Pa. 2013) (citation and footnote omitted).

"[A] preponderance of the evidence is the lowest burden of proof in the administration of justice, and it is defined as the greater weight of the evidence, i.e., to tip a scale slightly in one's favor."  ***Commonwealth v.***

*Ortega*, 995 A.2d 879, 886 n.3 (Pa.Super. 2010), *appeal denied*, 20 A.3d 1211 (Pa. 2011) (citation and internal quotation marks omitted). Thus, the question we must ask is not whether the evidence, if admitted at trial, would have been sufficient to convict the defendant of the offenses that engendered the probation revocation proceeding, but rather, whether a preponderance of the evidence showed that probation had proven ineffective at rehabilitating appellant. *See id.*

Contrary to appellant's contention, we find that the evidence was sufficient to establish that appellant violated the conditions of his probation and that said probation had proven ineffective. At the April 23, 2015 hearing, Probation Officer Richard Zeleznik testified that he contacted appellant prior to the hearing about the fact that he had "done nothing towards the condition of his probation[,]" and appellant informed him that "he had . . . two years to get this stuff done" and was content to address the trial court. (Notes of testimony, 4/23/15 at 2.) Officer Zeleznik further testified that on March 25, 2015, he was notified by the Castle Shannon Police Department that appellant had been arrested and charged in connection with yet another assault of Ondek on March 24, 2015. (*Id.*) During the course of this hearing, the trial court also heard testimony from appellant, who failed to accept responsibility for the assault and alleged that Ondek's injuries were the result of her falling "on her face because she was so intoxicated." (*Id.* at 4-6.)

Thereafter, on July 30, 2015, the trial court conducted a **Gagnon II** hearing and indicated that it was incorporating Officer Zeleznik's testimony from the April 23, 2015 hearing into the record. (Notes of testimony, 7/30/15 at 2.) Appellant's counsel acknowledged at said hearing that appellant had a pending criminal case for assaulting Ondek a third time, but stated that "[a]ppellant has always maintained his innocence through trial and through these violation hearings[.]" (**Id.** at 2-3.) The record further reflects that at no point during the course of these hearings did appellant provide any explanation as to why he failed to contact or meet with Officer Zeleznik from the date he began serving his probation, January 28, 2015, until the new charges were filed, on March 24, 2015.

In finding that appellant failed to comply with the conditions of probation, the trial court reasoned as follows:

> Okay. Well, you pretty much were in total noncompliance, including a new arrest with the same victim. I guess you didn't have quite enough time to go to the Batterer's Intervention program[,] which may very well have prevented the third case from occurring.

Notes of testimony, 7/30/15 at 4; **see also** trial court opinion, 3/7/16 at 3.

Based on the foregoing discussion, we find ample support for the trial court's conclusions. Clearly, the record demonstrates, by a preponderance of the evidence, that probation has been ineffective in deterring appellant's continuous pattern of domestic abuse against Ondek. Accordingly, appellant's contention that there was insufficient evidence presented at the

probation revocation hearings that he had violated the terms of his probation is meritless.

We now turn to appellant's claim that the trial court abused its discretion in sentencing him to 11½ to 23 months' imprisonment, followed by 2 years' probation, after the revocation of his probation because it failed to consider the criteria set forth in Section 9721(b), including his "character, personal history, and rehabilitative needs." (Appellant's brief at 31.)

Our standard of review in assessing whether a trial court has erred in fashioning a sentence following the revocation of probation is well settled.

> When we consider an appeal from a sentence imposed following the revocation of probation, our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. McNeal*, 120 A.3d 313, 322 (Pa.Super. 2015) (citations and internal quotation marks omitted).

"[I]t is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa.Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006). Where an appellant challenges the discretionary aspects of his sentence, the right

to appellate review is not absolute. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has filed a timely notice of appeal and has preserved his sentencing claim, albeit in part, in his August 6, 2015 post-sentence motion. Appellant's brief also includes a statement that comports with the requirements of Pa.R.A.P. 2119(f). (***See*** appellant's brief at 26-30.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013), ***appeal denied***, 76 A.3d 538 (Pa. 2013) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or

(2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa.Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted). "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585-586 (Pa.Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011) (citation omitted).

Herein, the record reflects that appellant failed to raise his claims that the trial court failed to consider his character and personal history during the July 30, 2015 sentencing hearing or in his August 6, 2015 post-sentence motion. Accordingly, these claims are waived. *See Commonwealth v. Felder*, 75 A.3d 513, 515 (Pa.Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014) (stating that, "[c]hallenges to the discretionary aspects of a sentence must be raised . . . either in a post-sentence motion or by presenting them during the sentencing proceedings. The failure to do so results in a waiver of all such claims." (citations omitted)).

However, to the extent appellant argues in his post-sentence motion that the trial court "failed to recognize [his] rehabilitative needs[,]" we find this claim presents a substantial question for our review. (*See* Motion to Reconsider Sentence, 8/6/15 at ¶ 8.) *See Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa.Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014)

(recognizing that an assertion that the trial court failed to account for appellant's rehabilitative needs was a substantial question suitable for appellate review). Accordingly, we proceed to consider the merits of this claim.

As discussed, the trial court found that appellant was "in total noncompliance" with the terms of his probation and sentenced him to an aggregate term of 11½ to 23 months' imprisonment, followed by 2 years' probation. (Notes of testimony, 7/30/15 at 4.) Although the guidelines are not applicable herein, the record reflects that this sentence was well within the sentencing guidelines range available to the court at the time of initial sentencing, in accordance with Section 9771(b). Although the trial court did not specifically state at the July 30, 2015 sentencing hearing that it considered appellant's rehabilitative needs, the record reflects that the trial court was in possession of a PSI report. (*Id.* at 2.) Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted). Accordingly, we find no abuse of the trial court's discretion, and appellant's challenge to the discretionary aspects of his sentence must fail.

Lastly, appellant argues that the sentence imposed at docket number CP-02-CR-0011237-2014 was illegal because it failed to give him credit for the 33 days that he was incarcerated from the date of his arrest (July 27, 2014) to the date he posted bond (August 29, 2014). (Appellant's brief at 23-24.)

A challenge to a trial court's failure to award credit for time-served in custody implicates the legality, not the discretionary, aspects of sentencing and is, therefore, appealable as of right. ***Commonwealth v. Clark***, 885 A.2d 1030, 1032 (Pa.Super. 2005). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Williams***, 868 A.2d 529, 532 (Pa.Super. 2005), ***appeal denied***, 890 A.2d 1059 (Pa. 2005) (citations omitted).

Instantly, the Commonwealth concedes that the certified record is "deficient" in that it contains no evidence as to whether appellant is entitled to an additional 33 days' credit for time-served. (Commonwealth's brief at 16.) The trial court, in turn, acknowledged in its Rule 1925(a) opinion that it was "unable to evaluate the merits of [appellant's] claim for sentencing credit at this time." (Trial court opinion, 3/7/16 at 5.) We are constrained to agree. Accordingly, we vacate appellant's sentence and remand this matter so that the trial court can conduct an evidentiary hearing for the limited purpose of determining whether appellant should receive an

additional 33 days' credit for time-served.  In all other respects, we affirm appellant's convictions.

Convictions affirmed.  Judgment of sentence vacated.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016