**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Selina N. FELDER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 15, 2013.

Filed Aug. 30, 2013.

Dennis I. Turner, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Ashley N. Martin, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: DONOHUE, ALLEN and MUSMANNO, JJ.

OPINION BY DONOHUE, J.:

Appellant, Selina N. Felder ("Felder"), appeals from the judgment of sentence entered on May 7, 2012, following her convictions for intimidation of a witness/victim, 18 Pa.C.S.A. § 4952(b)(2), simple assault, 18 Pa.C.S.A. § 2701, and conspiracy to commit simple assault, 18 Pa.C.S.A. § 903(a). On appeal, Felder raises two challenges to her sentencing. For the reasons that follow, we affirm.

Because Felder's issues on appeal are limited to sentencing, a detailed review of the factual background of the case is not necessary. For present purposes, it will suffice to indicate that Kashee Johnson ("Johnson") testified that at approximately 10 pm on July 14, 2010, she received a call from Felder asking her to come over and "chill". N.T., 2/24/2012, at 141. Johnson went upstairs and joined Felder and her sisters Gabrielle and Mocha. Id. at 144. The group soon went outside to get some air, and about 20 minutes later, Johnson testified that Gabrielle hit her in the mouth with a closed fist, and that Felder and others joined in, kicking and punching her repeatedly from all directions. Id. at 153–155. When Johnson eventually got to her feet and attempted to flee the scene, Felder told her, "If you go to the cops, I'm gonna kill you." Id. at 165, 175.

On March 1, 2012, a jury convicted Felder of the above-referenced offenses. The jury deadlocked on an aggravated assault charge and the Commonwealth later *nolle prossed* this offense. The jury found Felder not guilty of conspiracy to commit aggravated assault. On May 7, 2012, the trial court sentenced Felder as follows: (1) on the conviction for intimidation of a witness/victim, a term of incarceration of 54 to 174 months; (2) on the conviction for simple assault, a consecutive term of incarceration of 3 to 12 months; and (3) on the conviction for conspiracy to commit simple

assault, a consecutive term of incarceration of 3 to 12 months. The aggregate sentence is a term of incarceration of 60 to 198 months. Order of Sentence, 7/12/2012.

This timely appeal followed, in which Felder presents two issues for our review and determination:

1. Whether the trial court erred in imposing a five (5) to sixteen (16) year sentence of state correctional institution incarceration on [Felder], who had a zero prior record score, for what was essentially a simple assault street fight.

2. Whether the charge of "Intimidation of a witness or victims," Title 18 § 4952, specifically subsection (b) regarding grading of offense, as applied in this case is unconstitutionally ambiguous in violation of the United States Constitution and the Pennsylvania Constitution.

Felder's Brief at 4.

 Felder's first issue on appeal challenges the trial court's application of the sentencing guidelines. This claim involves a review of the discretionary aspects of her sentence. *Commonwealth v. Diamond,* 945 A.2d 252, 257–58 (Pa.Super.2008), *appeal denied,* 598 Pa. 755, 955 A.2d 356 (2008). Challenges to the discretionary aspects of a sentence must be raised first in the trial court, either in a post-sentence motion or by presenting them during the sentencing proceedings. *Commonwealth v. Rhoades,* 8 A.3d 912, 915 (Pa.Super.2010) (citing *Commonwealth v. Shugars,* 895 A.2d 1270, 1273–74 (Pa.Super.2006)). The failure to do so results in a waiver of all such claims. *Id.* In this case, the certified record on appeal does not reflect that Felder raised any claims related to the discretionary aspects of her sentence with the trial court, either in a post-sentence motion or at the sentencing hearing. Accordingly, Felder has not pre-

served any challenges to the discretionary aspects of her sentence for appellate review.

 For her second issue on appeal, Felder challenges the trial court's grading of the conviction for witness/victim intimidation as a first-degree felony. The proper grading of a criminal offense is an issue of statutory interpretation and implicates the legality of the sentence imposed. *Commonwealth v. Rossetti,* 863 A.2d 1185, 1193 (Pa.Super.2004), *appeal denied,* 583 Pa. 689, 878 A.2d 864 (2005). For this reason, it may not be waived. *Id.* The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Davidson,* 595 Pa. 1, 11, 938 A.2d 198, 203 (2007).

18 Pa.C.S.A. § 4952(b), relating to the grading of the offense of intimidation of a witness or victim, provides as follows:

### § 4952. Intimidation of witnesses or victims

\* \* \*

(b) Grading.—

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

(iv) The actor accepts, agrees or solicits another to accept any pecuniary

or other benefit to intimidate a witness or victim.

 (v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

 (2) The offense is a felony of the first-degree if a felony of the first-degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

 (3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

 (4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

 (5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952(b).

The trial court sentenced Felder on the conviction for witness/victim intimidation pursuant to subsection 4952(b)(2), reasoning that Felder had been charged with a first-degree felony (aggravated assault). N.T., 5/7/2012, at 8–11. According to the trial court, the fact that the jury hung on the aggravated assault charge at trial was of no consequence under the statute for grading purposes. *Id.* at 10–11. Felder, conversely, argues that because the jury hung on the aggravated assault charge and it was *nolle prossed* by the Commonwealth before sentencing, application of subsec-

tion 4952(b)(2) was improper here. Felder's Brief at 16–17. According to Felder, the language of subsection 4952(b)(2) is ambiguous, and the proper interpretation should be that grading is based upon the highest grade offense "existing at the time of sentencing upon which the jury reached a verdict." *Id.* at 17. Based upon this interpretation, Felder contends that she should have been sentenced on the witness/victim intimidation conviction as a second degree misdemeanor. *Id.*

■ Our Supreme Court has instructed that we must presume that statutes are constitutional and require those challenging the constitutionality of a statute to demonstrate that it clearly, plainly, and palpably violates the constitution. *Commonwealth v. Omar,* 602 Pa. 595, 605, 981 A.2d 179, 185 (2009). Although we must presume that the legislature does not intend to violate the Constitution, we do not invoke that presumption where the language is clear. 1 Pa.C.S.A. §§ 1921, 1922. Our rules of statutory construction provide, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Penal statutes must be strictly construed, with ambiguities being resolved in favor of the accused. *Commonwealth v. Rivera,* 10 A.3d 1276, 1284 (Pa.Super.2010) (citing *Commonwealth v. Richardson,* 784 A.2d 126, 131 (Pa.Super.2001)).

Based upon these principles of statutory interpretation, we cannot accept Felder's alternative reading of subsection 4952(b)(2). Subsection 4952(b) provides a clear roadmap for the grading of witness/victim intimidation offenses. If "a felony of the first-degree ... was charged in the case," then the offense of witness/victim intimidation is graded as a first-degree felony. 18 Pa.C.S.A. § 4952(b)(2). If the most serious offense charged in the case was a second degree

felony, then the witness/victim intimidation offense is graded as a second-degree felony. 18 Pa.C.S.A. § 4952(b)(3). If no first-degree or second-degree felony was charged in the case, but the criminal defendant nevertheless sought to influence or intimidate a witness or victim in any manner described in subsection 4952(b)(1), then the witness/victim intimidation offense is graded as a third degree felony. 18 Pa.C.S.A. § 4952(b)(4). In all other cases, the offense of witness/victim intimidation is graded as a second-degree misdemeanor. 18 Pa.C.S.A. § 4952(b)(5).

A first-degree felony was *charged in this case,* and thus the trial court properly graded Felder's conviction for witness/victim intimidation as a first-degree felony pursuant to subsection 4952(b)(2). Felder's alternative interpretation of this subsection would require us to insert additional language into the statute, namely that the first-degree felony charge "continued to exist in the case at the time of sentencing." Nothing in section 4952(b)(2) suggests that the legislature intended such a result. To the contrary, the statute's focus on the most serious crime charged makes eminent sense, since the relevant charge is the most serious one a criminal defendant attempted to escape by use of intimidation.

Felder's reliance on our Supreme Court's decision in *Commonwealth v. Reed,* 607 Pa. 629, 9 A.3d 1138 (2010), is misplaced. *Reed* did not involve interpretation of statutory language in any way similar to that in section 4952(b)(2). Instead, *Reed* involved an interpretation of 18 Pa.C.S.A. § 6318, entitled "Unlawful contact with minor." Subsection 6318(a) sets forth six specific crimes that may constitute forms of unlawful contact. Subsection 6318(b) then states that a violation of section 6318 will be graded the same as "the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or ... a misdemeanor of

the first-degree, whichever is greater." 18 Pa.C.S.A. § 6318. In *Reed,* the Commonwealth charged the defendant with a violation of section 6318 in addition to certain specified crimes listed in its subsection (a). The jury convicted the defendant of a violation of section 6318 but acquitted him of the specific crimes listed in its subsection (a). Under these circumstances, our Supreme Court ruled that, based upon the language of the statute, the only grade available to the sentencing court was the default grade (first-degree misdemeanor), since the jury had acquitted the defendant of the specific crimes listed in subsection (a). *Reed,* 607 Pa. at 644, 9 A.3d at 1147. According to the Supreme Court, because the defendant had been acquitted of the specific underlying offenses, the sentencing court would have had to guess what crime he sought to commit when he contacted the minor, a result the legislature could not have intended. *Id.*

The language of section 6318 expressly requires a factual determination of the crime "for which the defendant contacted the minor" in order to determine proper grading. Subsection 4952(b)(2), in significant contrast, contains no similar language, as it instead provides merely that the crime will be graded as a first-degree felony if a first-degree felony "was charged in the case." 18 Pa.C.S.A. § 4952(b)(2). As a result, our Supreme Court's interpretation of the language of section 6318 in *Reed* has no application in this case. Because the Commonwealth charged Felder with a first-degree felony (aggravated assault), the trial court properly graded her conviction for witness/victim intimidation pursuant to subsection 4952 as a first-degree felony.

Judgment of sentence affirmed.