J-A17008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY ROBINSON, | |
| Appellant | No. 529 EDA 2015 |

Appeal from the Judgment of Sentence January 23, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002155-2013

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 06, 2016**

Appellant, Troy Robinson, appeals from the judgment of sentence imposed following revocation of his probation.[1]  We affirm.

We take the relevant facts and procedural history of this case from the trial court's March 24, 2015 opinion and our independent review of the certified record.  On June 25, 2013, Appellant entered a negotiated guilty plea to one count each of intimidation of a witness or victim, and contempt for violation of order or agreement.[2]  The charges stem from Appellant's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect that Appellant is appealing from the trial court's January 23, 2015 sentence, rather than from the June 2, 2014 sentence, which the court vacated.

[2] 18 Pa.C.S.A. § 4952(a)(1) and 23 Pa.C.S.A. § 6114(a), respectively.

intimidation of an over eighty-year-old woman in an underlying rape case against him.[3]  As Appellant's trial date neared in the rape case, the victim became uncooperative.  Recorded prison phone conversations showed that Appellant had called the victim numerous times, and instructed her to hide from police and not show up for court.  At the guilty plea hearing, the trial court advised Appellant that the witness/victim intimidation offense was graded as a second-degree felony, and it sentenced him to a term of five years' probation.  (*See* N.T. Guilty Plea, 6/25/13, at 13, 32; Order, 6/25/13).  It further ordered Appellant to have no contact with the victim. (*See* N.T. Guilty Plea, 6/25/13, at 34-35).

On October 20, 2013, police arrested Appellant at the victim's home because he violated the court-imposed stay-away order.  (*See* N.T. Hearing, 12/17/13, at 5, 12, 14-17).  On December 17, 2013, the court held a violation of probation hearing.  It ordered that Appellant's probation was to continue, with the added requirement that, upon release, he contact his probation officer and enroll in a treatment program.  (*See id.* at 21-22, 24-26).  It scheduled a status hearing for January 8, 2014.  Appellant failed to appear at the status hearing, and the court issued a bench warrant.  (*See* Order, 1/08/14).

_____

[3] In the underlying case, Appellant was charged with rape, aggravated assault, and sexual assault, 18 Pa.C.S.A. §§ 3121, 2702, and 3124.1, respectively.  (*See* Trial Court Opinion, 3/24/15, at 7; N.T. Guilty Plea, 6/25/13, at 16; Commonwealth's Brief, at 9).

On March 17, 2014, the court held a violation of probation hearing. The probation department had advised the court that Appellant never contacted the probation office or reported to the treatment facility. (*See* N.T. Hearing, 3/17/14, at 3-4; Trial Ct. Op., at 8). The court found Appellant in violation, revoked his probation, and deferred sentencing for completion of a mental health evaluation. (*See* N.T. Hearing, 3/17/14, at 8). On June 2, 2014, the court sentenced Appellant to a term of not less than two nor more than four years' incarceration on the witness/victim intimidation offense, with no further penalty on the remaining count. (*See* N.T. Sentencing, 6/02/14, at 24-25).

On June 10, 2014, Appellant filed a timely *pro se* motion for reconsideration of sentence, which counsel supplemented on June 26, 2014. *See* Pa.R.Crim.P. 708(E). The court vacated the sentence on June 26, 2014, pending disposition of the motion. On January 23, 2015, following a hearing, the court denied Appellant's motion. It re-imposed its sentence of incarceration of not less than two nor more than four years on the witness/victim intimidation charge. (*See* Order, 1/23/15). This timely[4] appeal followed.[5]

---

[4] "The filing of a motion to modify sentence [after a revocation] will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). "However, the trial court may extend the appeal period by expressly granting reconsideration or vacating the sentencing order within the 30-day jurisdictional period." *Commonwealth v. Coleman*, 721 A.2d 798, 799 n.2 (Pa. Super. 1998) (citation omitted); Pa.R.Crim.P. 708(E), comment. Because Appellant filed
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

1. Where the [trial] [c]ourt vacated a sentence, after a violation of probation hearing had been held, and then resentenced [A]ppellant after more than 210 days had passed, did this lengthy period of inaction violate the tenets of Pa.R.Cr[im].P. 720, which requires that a [c]ourt rule on a post-sentence motion within 150 days?

2. Where the count to which [A]ppellant pled guilty should have resulted in a maximum sentence of two years, given the facts of the plea and dearth of aggravating factors in the bill of information reflected that the grade of the offense rose no higher than a second degree misdemeanor, was the Court's sentence of 2-4 years illegal, imposed without proper jurisdiction, and did it violate the tenets of **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, 133 S.Ct. 2151 (2013)?

3. Where no evidence was presented by the Commonwealth or the [p]robation [d]epartment at the violation of probation hearing, was the trial [c]ourt permitted to revoke probation based on this dearth of evidence?

(Appellant's Brief, at 3).

Our review is guided by the following principles:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was

*(Footnote Continued)* ───────────────

his notice of appeal on February 11, 2015, within thirty days of the court's January 23, 2015 sentencing order, this appeal is timely. **See** Pa.R.A.P. 903(a).

[5] Although not ordered to do so by the trial court, Appellant filed a concise statement of errors complained of on appeal on March 10, 2015. The court entered an opinion on March 24, 2015. **See** Pa.R.A.P. 1925.

manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

\*   \*   \*

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84, 1286–87 (Pa. Super. 2012), *affirmed*, 91 A.3d 102 (Pa. 2014), *cert. denied*, 135 S.Ct. 366 (2014) (case citations omitted).

In his first issue, Appellant argues the trial court lacked jurisdiction to impose the January 23, 2015 sentence where approximately seven months had passed since it vacated the original June 2, 2014 sentence. (*See* Appellant's Brief, at 9-12). In support, Appellant relies on Pennsylvania Rule of Criminal Procedure 720(B)(3)(a), which governs post-sentence motions, and sets an 120-day time limit for the trial judge to decide the motion.[6] (*See id.* at 10-12). This issue does not merit relief.

_____

[6] The Rule states:

**(B) Optional Post-Sentence Motion.**

\*   \*   \*

(3) **Time Limits for Decision on Motion**. The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.

*(Footnote Continued Next Page)*

Preliminarily, we observe that Rule 720 does not govern motions to reconsider sentence filed after a court revokes probation. Instead, as referenced above, Rule 708(E) (addressing "motion[s] to modify a sentence imposed after a revocation") expressly governs such motions, and does not include any time limit for ruling on the motion analogous to Rule 720. Pa.R.Crim.P. 708(E). Therefore, Appellant's reliance on Rule 720 is misplaced.

Furthermore, the trial court addressed the issue of its jurisdiction as follows:

> Pursuant to 42 Pa.C.S.[A.] § 5505, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.[7] This court vacated its June 2, 2014 sentencing order on June 26, 2014 and was well within the applicable 30[-]day window. [Appellant] had filed a timely post-sentence motion for

*(Footnote Continued)* _____

(a) Except as provided in paragraph (B)(3)(b) [(permitting a defendant to request an extension)], the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.

Pa.R.Crim.P. 720(B)(3)(a).

[7] [*See*] 42 Pa.C.S.[A.] § 5505 [(providing "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.")].

reconsideration of sentence on June 10, 2014 and this court permitted newly retained counsel to supplement the motion via a new motion for reconsideration of sentence on June 26, 2014. There were several **defense requests** for continuation of the motion, resulting in the seven[-]month gap between the June 2, 2014 original sentence and the January 23, 2015 re-imposed sentence on the charge of [i]ntimidation of [w]itnesses or [v]ictims (F2). This court retained proper jurisdiction to impose sentence throughout the proceeding and thus, [Appellant's] claim must fail.

(Trial Ct. Op., at 5-6) (emphasis in original).

Upon review, we conclude that the trial court properly disposed of this issue. **See Simmons**, **supra** at 1286–87. Appellant's first claim does not merit relief.

In his second issue, Appellant argues that his sentence of not less than two nor more than four years' incarceration on the witness/victim intimidation offense is illegal because it was improperly graded as a second-degree felony. (**See** Appellant's Brief, at 12-24). He acknowledges that he pleaded guilty to the felony charge, but asserts that the facts demonstrate a misdemeanor of the second degree, carrying a maximum sentence of two years' incarceration. (**See id.** at 12-13, 23). He maintains the plea colloquy reflects that he merely told the witness not to appear in court and instructed her how to do so; he did not employ violence or deception, offer any pecuniary benefit to the witness, or engage in any other type of conduct warranting a felony grading. (**See id.** at 14-16 (citing 18 Pa.C.S.A. § 4952(b)(1)(i)-(v))). We disagree.

At the outset, we note:

The proper grading of a criminal offense is an issue of statutory interpretation and implicates the legality of the sentence imposed. For this reason, it may not be waived. The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Felder***, 75 A.3d 513, 515 (Pa. Super. 2013), *appeal denied*, 85 A.3d 482 (Pa. 2014) (citations omitted).

Section 4952(b) of the Crimes Code sets forth the framework for grading the offense of witness/victim intimidation and provides:

**(b) Grading.—**

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

(iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.

(v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

**(2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.**

**(3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.**

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

**(5) Otherwise the offense is a misdemeanor of the second degree**.

18 Pa.C.S.A. § 4952(b)(1)-(5) (emphases added).

Thus,

. . . Subsection 4952(b) provides a clear roadmap for the grading of witness/victim intimidation offenses. If a felony of the first-degree . . . was charged in the case, then the offense of witness/victim intimidation is graded as a first-degree felony. 18 Pa.C.S.A. § 4952(b)(2). If the most serious offense charged in the case was a second degree felony, then the witness/victim intimidation offense is graded as a second-degree felony. 18 Pa.C.S.A. § 4952(b)(3). If no first-degree or second-degree felony was charged in the case, but the criminal defendant nevertheless sought to influence or intimidate a witness or victim in any manner described in subsection 4952(b)(1), then the witness/victim intimidation offense is graded as a third degree felony. 18 Pa.C.S.A. § 4952(b)(4). In all other cases, the offense of witness/victim intimidation is graded as a second-degree misdemeanor. 18 Pa.C.S.A. § 4952(b)(5).

. . . [T]he statute's focus on the most serious crime charged makes eminent sense, since the relevant charge is the most serious one a criminal defendant attempted to escape by use of intimidation.

*Felder*, *supra* at 516–17 (quotation marks omitted) (holding "[b]ecause the Commonwealth charged [appellant] with a first-degree felony (aggravated assault), the trial court properly graded her conviction for witness/victim intimidation pursuant to subsection 4952 as a first-degree felony.").

Here, Appellant contends that, under the plain meaning of section 4952, the grading for his offense fell under (b)(5), a misdemeanor, because none of the grounds under subsection (b)(1) were met. (*See* Appellant's Brief, at 15). The trial court disagreed, and addressed his claim as follows:

> The underlying case giving rise to the instant charge of intimidation of witnesses or victims contained the charges of rape (F1), aggravated assault (F1), and sexual assault (F2). While the Commonwealth could have required the instant case to go forward charged as a first[-]degree felony, it permitted [Appellant] to enter into a negotiated guilty plea to the charge as a second[-]degree felony. The sexual assault (F2) charge of the underlying case supports the instant conviction as a second[-]degree felony and this court was well within its discretion to sentence [Appellant] to [two]-[four] years of incarceration.

(Trial Ct. Op., at 7-8) (some capitalization omitted); *see also* 18 Pa.C.S.A. § 106(b)(3) (setting maximum term of incarceration of ten years for second-degree felony convictions).

After review of the record, we agree with the trial court's analysis. Because the Commonwealth charged Appellant with first and second-degree felonies in the underlying case, the court properly graded the witness/victim intimidation offense pursuant to section 4952 as a second-degree felony. *See* 18 Pa.C.S.A. § 4952(b)(2),(3); *Felder*, *supra* at 516–17. Given the serious felony offenses with which Appellant was charged in the underlying

matter, the factors enumerated in section 4952(b)(1)(i)-(v) are irrelevant, and grading the offense as a misdemeanor would have been inappropriate. *See Felder*, *supra* at 516–17. Accordingly, Appellant's second claim does not merit relief.[8]

In his third issue, Appellant argues the evidence was insufficient to support revocation of his probation. (*See* Appellant's Brief, at 24-28). He asserts that at the revocation proceeding, the Commonwealth did not present evidence of his violations, and the court merely referenced its notes indicating that he did not report to the probation office or attend the treatment program. (*See id.* at 24, 27). This issue lacks merit.

"[A] court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S.A. § 9771(b). "There shall be no revocation . . . except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." *Id.* at (d).

> Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision

---

[8] We note for the sake of completeness that Appellant's reliance on *Alleyne*, *supra* and *Apprendi*, *supra*, is misplaced. (*See* Appellant's Brief, at 13). "*Alleyne* and *Apprendi* dealt with [sentencing] factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014). Because the instant case does not involve either situation, *Alleyne* and *Apprendi* are not implicated. *See id.*

will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation. [T]he reason for revocation of probation need not necessarily be the commission of or conviction for subsequent criminal conduct. Rather, this Court has repeatedly acknowledged the very broad standard that sentencing courts must use in determining whether probation has been violated[.] A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

\* \* \*

. . . It must be emphasized that a probation revocation hearing is not a trial: The court's purpose is not to determine whether the probationer committed a crime. . . . The degree of proof necessary for probation revocation is less than that required to sustain a criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct.

**_Commonwealth v. Colon_**, 102 A.3d 1033, 1041-42 (Pa. Super. 2014),

_appeal denied_, 109 A.3d 678 (Pa. 2015) (citations and quotation marks

omitted).

Here, the trial court explained its rationale for revoking Appellant's

probation as follows:

On December 17, 2013, this court conducted a violation hearing and although [Appellant] had violated the stay away order that was a condition of his probation, this court took the unique circumstances of the case into consideration and ordered that [Appellant's] probation was to continue with the added requirement that, upon release, he must contact his probation officer and enroll for treatment at Men and Women in Progress,

located at 1809 East Tioga Street in the City of Philadelphia. (*See* N.T. Hearing, 12/17/13, at 9-10, 22, 24-26). This court then listed the case for status of treatment on January 8, 2014. (*See id.* at 25). On January 8, 2014, [Appellant] failed to appear and a bench warrant was issued. (*See* Order, 1/08/14). On March 17, 2014, this court conducted a violation hearing, wherein the Probation Department notified the court that [Appellant] never contacted the probation office and never reported to Men and Women in Progress, the specified treatment facility. (*See* N.T. Hearing, 3/17/14, at 3-4). Accordingly, this court found [Appellant] in violation and deferred sentencing for completion of a mental health evaluation. [Appellant's] failure to report to both the Probation Department and the treatment facility were violations of the court's December 17, 2013 order and his failure to appear at the January 8, 2014 status listing was further indicative of his non-compliance. As such, the court's revocation was proper[.]

(Trial Ct. Op., at 8-9) (record citations added; footnotes omitted).

Upon review, we discern no error of law or abuse of discretion in the trial court's decision to revoke Appellant's probation. *See Colon*, *supra* at 1041-42. The evidence of record reflects, by a preponderance of the evidence, that Appellant violated the conditions of his probation, and that probation was ineffective in accomplishing rehabilitation and had not deterred future antisocial conduct. *See id.*; *see also* 42 Pa.C.S.A. § 9771(b). Therefore, Appellant's final issue does not merit relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2016