J-S20007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES BOND | |
| Appellant | No. 1920 EDA 2015 |

Appeal from the Judgment of Sentence June 15, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003467-2011

BEFORE: BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 23, 2017**

James Bond appeals from the judgment of sentence of eleven-and-one-half to thirty years incarceration imposed after the court found him in violation of probation. We affirm.

In the early morning hours on March 6, 2011, Appellant perpetrated a rash of burglaries in northeast Philadelphia. Appellant and an accomplice entered five residential houses, four of which were occupied during the break-in, and absconded with cash, keys, various technological devices, and three automobiles. Later that morning, police officers, responding to reports of the stolen automobiles, observed one suspected stolen vehicle parked on Axe Factory Road. After determining the car was one of the reported cars,

the officers spotted Appellant and his accomplice walking away from the vehicle. Appellant attempted to flee, but was apprehended by the police.

On July 21, 2011, while Appellant awaited trial, he attempted to burglarize another house, but, realizing that the owner was asleep on the living room couch, left without taking any items. Nevertheless, Appellant's latent fingerprints were recovered from the inside of an unlocked front window. Later that same day, Appellant entered another home while the owner slept inside. Appellant removed a laptop, a ring, cash and credit cards, and a Volkswagen Jetta. Appellant's fingerprints were also discovered at this location.

On December 15, 2011, Appellant entered into an open guilty plea to thirteen counts, including convictions for burglary, attempted burglary, conspiracy, and unauthorized use of a motor vehicle.[1] The court imposed a sentence of eleven-and-one-half to twenty three months incarceration plus 132 months probation. While serving his probationary sentence, Appellant was arrested for forcible rape of a minor and related charges. On September 30, 2014, he pled guilty to one count of aggravated assault stemming from those charges and received a sentence of three to six years imprisonment.

_____

[1] The sentencing court later amended one of Appellant's attempted burglary convictions to a conspiracy to commit trespass. N.T. Sentencing, 12/15/11, at 32.

As a result of Appellant's conviction for another crime, the court herein held hearings pursuant to **Gagnon v. Scarpelli**, 411 U.S. 778 (1973), and found that Appellant had violated his probation. The court revoked Appellant's probation, but withheld sentencing for the production of a presentence report. The court received that report, and on February 20, 2015, it sentenced Appellant to an aggregate sentence of twelve to thirty years incarceration plus five years probation.[2] Appellant filed a motion for reconsideration requesting that the court run his sentence at each count concurrently so that he could seek treatment in a mental health facility.

Following a hearing on June 6, 2015, the court granted Appellant's motion for reconsideration and imposed an aggregate sentence of eleven-and-one-half to thirty years imprisonment. Appellant filed a timely notice of appeal, and complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The court then authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellant raises a single issue for our consideration: "Whether the court's sentence of 11½ to 30 years incarceration violated Pa.C.S. § 9721(b), constituting an abuse of discretion?" Appellant's brief at 3.

---

[2] The notes of testimony for the February 20, 2015 sentencing hearing were not transcribed.

In an appeal from a sentence imposed after the court has revoked probation, our review is limited to "the validity of the revocation proceedings, the legality of sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa.Super. 2015).

Appellant raises a challenge to the discretionary aspects of his sentence. Our standard of review is as follows: "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). Further, "the right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered as a petition for permission to appeal." ***Id***. In order to invoke this Court's jurisdiction:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issues were properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appeal from is not appropriate under the Sentencing Code.

***Id***.

Instantly, Appellant filed a timely notice of appeal and a timely motion for reconsideration of his sentence. Appellant's motion for reconsideration requested that the court impose his sentence concurrently due to his mental health issues. Essentially, this motion argued that the court erred by

imposing an excessive sentence without considering Appellant's mental health needs. Appellant's Rule 1925(b) statement raised two contentions. First, he asserted that the sentence was excessive under the circumstances, and second, that it was manifestly unreasonable under the circumstances. Rule 1925(b) Concise Statement of Errors Complained of on Appeal, 7/13/15, at unnumbered 1.

Additionally, Appellant appended a Rule 2119(f) concise statement of reasons relied upon for allowance of appeal alleging that the trial court failed to consider the particular circumstances of the offense and Appellant's character pursuant to 42 Pa.C.S. § 9721(b). That section reads, in pertinent part:

> (b) General standards.—In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant . . . In every case in which the court . . . resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b). Particularly, he argues that the sentence imposed was manifestly excessive since the court failed to adequately consider Appellant's mental health issues, age, and potential for rehabilitation. Appellant's brief at 9. Since Appellant's allegations regarding the court's failure to properly consider his age and his potential for rehabilitation were

first raised in his Rule 2119(f) statement, and not otherwise preserved in a post-sentence motion or at sentencing, these claims are waived. **See Commonwealth v. Felder**, 75 A.3d 513, 515 (Pa.Super. 2013) (noting "[c]hallenges to the discretionary aspects of a sentence must be raised first in the trial court, either in a post-sentence motion or by presenting them during the sentencing proceedings . . . [t]he failure to do so results in a waiver of all such claims".).

Next, we must determine whether Appellant's claim that the trial court failed to properly consider his "significant mental health issues" raises a substantial question. Appellant's brief at 12. Appellant maintains that the court failed to consider his mental health when fashioning his sentence, despite including a mental health evaluation with his motion to reconsider. **Id**. That exam, Appellant continues, "found a tremendous amount of issues," and thus, the court should have given him an earlier opportunity to seek aid outside of the prison system. **Id**. Insofar as Appellant asserts that the court did not adequately consider or failed to consider a mitigating circumstance, this Court has found that such a claim does not raise a substantial question. **Commonwealth v. Kane**, 10 A.3d 327, 335-336 (Pa.Super. 2010) (finding that claim "that the court gave inadequate consideration to certain mitigating factors, does not raise a substantial question"). Thus, we will not reach the merits of Appellant's claim.

Moreover, where, as here, the sentencing judge has the benefit of a presentence investigation report, "it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1038 (Pa.Super. 2016). Finally, the court stated during Appellant's resentencing

> I was equipped with a pretty good presentence report. Added to the factors which I have considered in the balancing that I am required to do, we did not make any significant changes to the sentences.

Reconsideration Hearing, 6/15/15, at 20-21. The court explained "[Appellant's] presentence report and mental health evaluation demonstrate no real promise of change since he has a series of behavior[ial] issues[.]" Trial Court Opinion, 8/12/15, at 8 (some capitalization omitted). Hence, even if his claim raised a substantial question for review, the record reflects that the court considered Appellant's mental health concerns in fashioning his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017

- 7 -