**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 30 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered 5/20/20 at No. 1203 WDA |
| | : | 2019 affirming in part and vacating in |
| v. | : | part the order of the Court of Common |
| | : | Pleas of Allegheny County entered on |
| | : | 8/2/19 at No. CP-02-CR-0016492-2008 |
| | : | |
| DUWAYNE A. DIXON, JR., | : | |
| | : | SUBMITTED: April 21, 2021 |
| Appellant | : | |

*OPINION*

**JUSTICE SAYLOR**                    **DECIDED: AUGUST 6, 2021**

In this matter the trial court instructed the jury, prior to deliberations, that one of the prerequisites necessary to establish the crime of witness intimidation as a first-degree felony had been fulfilled. We allowed appeal to consider whether that instruction violated the defendant's right to a jury trial under the Sixth Amendment to the United States Constitution as interpreted in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

While the victim, Andre Ripley, was at a public park in Wilkinsburg, Allegheny County, Joshua Evans attempted to rob him at gunpoint. Ripley fled, at which point Evans opened fire. Three rounds struck Ripley, and another struck a three-month-old infant. Both victims survived and Ripley eventually identified Evans, who was the leader of a gang called the J-Town Soldiers, as the shooter. Evans was arrested and charged

with a variety of offenses. Ripley was set to be the Commonwealth's lead witness at Evans' trial.

Two weeks before the trial was scheduled to begin, Ripley was outside his home when he was shot a second time. Although he was shot in the head, he again survived. After an investigation, the police concluded that Appellant – who also belonged to the J-Town Soldiers – was the shooter, and that he shot Ripley at Evans' behest to prevent Ripley from testifying at Evans' upcoming trial. Appellant was arrested and charged with, *inter alia*, aggravated assault, attempted homicide, criminal conspiracy, and witness intimidation. The latter charge is the one at issue in this appeal.

By way of brief background, Chapter 49(B) of the Crimes Code defines certain offenses aimed at protecting various persons involved in the administration of justice, including prosecutors, judicial officials, witnesses, and victims of crime. *See* 18 Pa.C.S. §§4951-4958. One such offense is witness intimidation, which is set forth in Section 4952. That provision makes it an offense to induce a crime witness not to testify:

> **(a) Offense defined.**--A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:
>
> * * *
>
> (5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.
>
> (6) Absent himself from any proceeding or investigation to which he has been legally summoned.

*Id.* §4952(a)(5), (6).[1]

---

[1] Only paragraphs (a)(5) and (a)(6) are quoted here because the jury was only instructed as to these bases for the offense.

If no aggravating factors are present, the offense is graded as a second-degree misdemeanor.  If, however, there are aggravating circumstances, it is a felony, and the specific level of felony depends on the charges included in the case the actor sought to influence:

> **(b) Grading.**--
>
> > (1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:  (i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.  . . .  (iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.  . . .
> >
> > (2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
> >
> > (3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
> >
> > (4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
> >
> > (5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S. §4952(b).

Thus, where one or more of the aggravating factors listed in paragraph (b)(1) is present, the offense is, by default, graded as a third-degree felony.  *See id.* §4952(b)(4).  The caveat, however, is that if the highest crime charged in the underlying case was a second-degree felony, then the witness-intimidation offense is likewise graded as a

second-degree felony. *See id.* §4952(b)(3). And the offense is raised to a first-degree felony where a first-degree felony, or murder in the first or second degree, is charged in the underlying case. *See id.* §4952(b)(2). *See generally Commonwealth v. Raymond*, 233 A.3d 809, 819-20 (Pa. Super. 2020) (noting that, under the above provision, witness intimidation is a first-degree felony where two conditions are met: a paragraph (b)(1) aggravator is present, and the underlying crime involved a charge of first- or second-degree murder or any first-degree felony).

It may be observed, moreover, that these different gradings of the offense in fact define distinct offenses so long as the maximum punishment that can be imposed goes up as the grading increases. *See, e.g., Alleyne v. United States*, 570 U.S. 99, 114-15, 133 S. Ct. 2151, 2162 (2013) ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."); *accord Apprendi*, 530 U.S. at 500, 120 S. Ct. at 2369 (Thomas, J., concurring) (expressing that, if a legislature "defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact – of whatever sort, including the fact of a prior conviction – the core crime and the aggravating fact together constitute an aggravated crime, just as much as grand larceny is an aggravated form of petit larceny"). *See generally Commonwealth v. Kearns*, 907 A.2d 649, 655-56 (Pa. Super. 2006) (elaborating further upon this precept).

Appellant proceeded to a jury trial on the above-mentioned charges. At trial, and as reflected by the criminal information filed by the district attorney, the Commonwealth sought a conviction of the first-degree felony version of the witness-intimidation offense. *See* Criminal Information, Sept. 28, 2011, at Count VI. Before the jurors retired to deliberate, the court instructed them on the offense as follows:

The third crime the defendant is accused of committing is intimidation of a witness or victim. To find him guilty, you must find that each of the following elements has been proven beyond a reasonable doubt.

*   *   *

First, the defendant intimidated or attempted to intimidate by threat or by violence a witness or victim into withholding testimony or information relating to the commission of a crime from a law enforcement officer, prosecuting official or judge. Eluding, evading or ignoring a request to appear or legal process summoning him to appear to testify or supply evidence. Or absenting himself from a proceeding to which he has been legally summoned.

And second, that the defendant did so with the intent to or with the knowledge that his conduct would obstruct, impede, impair, prevent or interfere with the administration of criminal justice.

*   *   *

Third, that the defendant used force, violence or deception or threats to employ force or violence upon the witness or victim or, with the intent or knowledge to intimidate a witness or victim, uses [sic] force, violence or deception or threatens force or violence upon any other person. Or acted in furtherance of a conspiracy to intimidate a witness or victims [sic] with planning, covering up or shooting Andre Ripley.

Third [sic], that the case in which the actor sought to influence or intimidate a witness or victim was first or second degree murder or a felony of the first degree. *I instruct you that the crime is a felony of the first degree.*

N.T., Jan. 15, 2013, at 603-05 (emphasis added).

The jury found Appellant guilty on all charges, including witness intimidation. Although the verdict slip returned by the jury was a general one that did not specify the grading of each offense, the sentencing order reflects a first-degree-felony grading. As well, the sentence itself – six-to-twelve years' imprisonment – falls within the statutory range for a first-degree felony and outside the range for a second-degree felony. *See*

18 Pa.C.S. 1103(1), (2) (prescribing that a person convicted of a first- or second-degree felony may be sentenced to up to twenty, or ten, years' incarceration, respectively).[2]

After Appellant's judgment of sentence was affirmed on direct appeal, he filed a counseled, amended petition under the Post-Conviction Relief Act, 42 Pa.C.S. §§9541-9546 (the "PCRA"). In the petition, Appellant asserted that his trial counsel was ineffective for failing to object to or appeal from "an erroneous jury instruction at Count IV (intimidation of witness)." Amended PCRA Petition, Feb. 4, 2019, at ¶21. Specifically, he took issue with the last sentence in the above jury charge, "I instruct you that the crime is a felony of the first degree," which, he argued, impermissibly relieved the Commonwealth of its burden to prove that he was guilty of a first-degree felony pursuant to paragraph 4952(b)(2). Appellant maintained that, absent such proof, he could not have been sentenced at the first-degree-felony level of the offense. He thus asserted that the challenged instruction increased the penalty for the offense beyond

---

[2] The provision states, in full:

> Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows:
>
> > (1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.
> >
> > (2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.
> >
> > (3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

18 Pa.C.S. §1103.

the statutory maximum that would otherwise have been imposable, and hence, that it violated his constitutional rights under *Apprendi*.[3]

Put differently, Appellant took the position that the prerequisite reflected in paragraph 4952(b)(2) – that a first-degree felony or first- or second-degree murder was charged in the case the actor sought to influence – constituted an element of the first-degree-felony-graded offense which had to be found by the jury upon proof beyond a reasonable doubt. He continued that, by directing a finding on this element, the trial court invaded the jury's province and violated his right to a trial by jury as guaranteed by the Sixth Amendment. *See* Amended PCRA Petition, Feb. 4, 2019, at ¶¶21, 24-30.

Finally, Appellant argued he was entitled to relief under the PCRA because his *Apprendi* claim had arguable merit, he was prejudiced by receiving a higher sentence than he otherwise would have, and there was no strategic basis for trial counsel's failure to challenge the jury charge. *See id.* at ¶¶31-39.

The PCRA court rejected Appellant's claim. Relying on *Commonwealth v. Felder*, 75 A.3d 513 (Pa. Super. 2013), the court held that paragraph 4952(b)(2) did not constitute an element of the witness-intimidation offense under *Apprendi*. *See Commonwealth v. Dixon*, No. CP-02-CR-16492-2008, *slip op.* at 4-5 (C.P. Allegheny Oct. 7, 2019) (citing *Felder*, 75 A.3d at 514). Because Appellant was charged with other first-degree felonies in the same case, the court concluded that, as in *Felder*, the witness-intimidation charge was properly graded as a first-degree felony. *See id.* at 4.[4]

---

[3] Appellant maintained that he should have been sentenced at the second-degree-misdemeanor level. This contention is addressed below.

[4] In *Felder*, the defendant injured a victim and then threatened to kill the victim if she reported her injuries. She was charged with aggravated assault (a first-degree felony) and witness intimidation. The *Felder* court held that the intimidation charge was properly graded as a first-degree felony because a first-degree felony (*i.e.*, aggravated assault) was charged in the case. The *Felder* decision is discussed below.

In a non-precedential opinion, a three-judge panel of the Superior Court affirmed in all relevant respects. *See Commonwealth v. Dixon*, No. 1203 WDA 2019, 2020 WL 2554617 (Pa. Super. May 20, 2020). The panel, also relying on *Felder*, reasoned that, rather than setting forth an element of the offense, paragraph 4952(b)(2) is a mechanical grading provision that automatically enhances witness intimidation to a first-degree felony whenever a defendant is charged with another first-degree felony in the same case. *See id.* at *6 & n.6 (citing *Felder*, 75 A.3d at 515). Thus, since Appellant was charged with other first-degree felonies in the present case – *i.e.*, aggravated assault, criminal conspiracy, and attempted homicide – the panel, like the PCRA court, concluded that the witness intimidation offense was correctly graded as a first-degree felony, and it discerned no error in that portion of the jury instructions which directed the jury to find paragraph 4952(b)(2) was satisfied. *See id.* at *7 ("Here, the grading of Appellant's witness intimidation charge under [paragraph] 4952(b)(2) directly attached as a function of the charges filed by the Commonwealth; no factual assessment, either by a jury or the trial court at sentencing, of predicate or aggravating facts was required." (internal quotation marks omitted)).

We allowed further appeal to consider whether paragraph 4952(b)(2) is a mere grading provision relative to the offense of witness intimidation or, as Appellant argues, an element of the first-degree-felony-graded offense under *Apprendi* and its progeny. *See Commonwealth v. Dixon*, ___ Pa. ___, 241 A.3d 1092 (2020) (*per curiam*). This is a pure question of law as to which our review is *de novo* and plenary. *See, e.g., Commonwealth v. Bullock*, 590 Pa. 480, 487, 913 A.2d 207, 212 (2006).

The Sixth Amendment provides, among other things, that in the context of a criminal prosecution the accused is entitled to a trial by an impartial jury. *See* U.S. CONST. AMEND. VI. That aspect of the Amendment has been made applicable to the

states via the Fourteenth Amendment. *See Duncan v. Louisiana*, 391 U.S. 145, 162, 88 S. Ct. 1444, 1454 (1968); *Parker v. Gladden*, 385 U.S. 363, 364, 87 S. Ct. 468, 470 (1966). In discussing this right, the *Apprendi* Court concluded:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. The Supreme Court has repeatedly reaffirmed that holding. *See Alleyne*, 570 U.S. at 108, 133 S. Ct. at 2158; *S. Union Co. v. United States*, 567 U.S. 343, 348, 132 S. Ct. 2344, 2350 (2012); *Cunningham v. California*, 549 U.S. 270, 281, 127 S. Ct. 856, 863-64 (2007); *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005); *Blakely v. Washington*, 542 U.S. 296, 301, 124 S. Ct. 2531 (2004); *Ring v. Arizona,* 536 U.S. 584, 609, 122 S. Ct. 2428, 2443 (2002).

In the terminology used by the *Apprendi* line of cases, and as noted, a fact other than a prior conviction which increases the punishment beyond the otherwise-imposable statutory maximum comprises an element of a distinct, higher-graded offense. Any finding of such fact which is not conceded by the defendant must be made by the jury upon proof beyond a reasonable doubt. *See, e.g., Alleyne*, 570 U.S. at 114-15, 133 S. Ct. at 2162; *Apprendi*, 530 U.S. at 483 n.10, 120 S. Ct. at 2359 n.10; *Cunningham*, 549 U.S. at 275, 127 S. Ct. at 860; *S. Union*, 567 U.S. at 348, 132 S. Ct. 2350.

In view of the above, we consider whether paragraph 4952(b)(2) relates to a factual finding which increases the sentence for the witness intimidation offense beyond the otherwise-imposable statutory maximum. It undoubtedly relates to a factual finding, namely, that "a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness," 18 Pa.C.S. §4952(b)(2); that fact, moreover, was not conceded by Appellant.

The Commonwealth does not deny that the (b)(2) factor was not conceded by Appellant. Its position is that *Apprendi* is not implicated here because it was clear that Appellant was charged with other first-degree felonies in this case, and although this was, in some sense, a "fact," it was not a fact in the traditional sense that had to be found by the jury; rather, it proceeded directly from the charges lodged against Appellant. *See* Brief for Appellee at 14 ("It was not for the jury to decide whether a first-degree felony was charged in the case; that was a stated fact that the trial court properly instructed the jury of.").

The Commonwealth's position rests on a misreading of *Felder*, and, more broadly, a misinterpretation of the text of paragraph (b)(2). In *Felder* the Superior Court indicated that Subsection 4952(b) provides a "clear roadmap for the grading of witness/victim intimidation offenses. If 'a felony of the first degree . . . was charged in the case,' then the offense of witness/victim intimidation is graded as a first-degree felony." *Felder*, 75 A.3d at 516 (quoting 18 Pa.C.S. §4952(b)(2)). However, the above quotation from *Felder* omitted crucial language in paragraph 4952(b)(2) that follows the phrase, "was charged in the case," namely: "*in which the actor sought to influence or intimidate a witness or victim.*" This omission in *Felder* arose from the circumstances involved in that dispute, where the witness intimidation charge was tried together with the underlying first-degree felony charge. *See supra* note 4. Hence, in *Felder* there was no need to distinguish the two cases. In many instances, however, the witness intimidation charge is prosecuted separately from the underlying charge. Indeed, as this case illustrates, the two charges may involve different defendants.

The salient point is that "the case" referred to in paragraph 4952(b)(2) does not always mean the present prosecution. Here, "the case" Appellant sought to influence was that of Evans. Thus, to establish the (b)(2) predicate, the Commonwealth had to

introduce proofs showing that in Evans' case a first-degree felony or murder in the first or second degree had been charged. Consequently, it is immaterial that other first-degree felonies were charged in *this* case.

The question becomes, then, whether the fact which the trial court instructed the jury to find increased Appellant's punishment beyond the otherwise-imposable statutory limit. In many *Apprendi*-based appeals, determining the otherwise-imposable maximum is relatively straightforward, as it involves ascertaining the highest sentence authorized by the conviction alone. This is because, in such matters, the government obtains a conviction based on a jury verdict or a guilty plea, and then the sentencing court holds a separate hearing to inquire into the existence of certain additional facts which augment the penalty. *See, e.g.*, *Cunningham*, 549 U.S. at 275, 127 S. Ct. at 860 (noting that, under California's statutory scheme, the jury's verdict alone mandated a 12-year prison term, whereas additional facts found by the judge by a preponderance of the evidence triggered a 16-year term); *Blakely*, 542 U.S. at 298, 124 S. Ct. at 2534 (recounting that the defendant entered a guilty plea to kidnapping, and this was followed by a judicial finding that the defendant had acted with deliberate cruelty, pursuant to which the defendant was sentenced to a longer prison term than would have been imposable without that judicial finding).

The inquiry is complicated in the present controversy because the verdict subsumed facts found independently by the jurors as well as the paragraph (b)(2) factor which trial judge affirmatively instructed them to find. Thus, to determine the otherwise-imposable statutory maximum in this case, we review the verdict slip and instructions as a whole to establish the level of culpability the jury found beyond a reasonable doubt separate and apart from the challenged facet of the jury instructions. We then ascertain the maximum sentence that would have been imposable at that level of culpability.

The verdict slip is not particularly illuminating; it simply reflects, without elaboration, that the jury found Appellant guilty of witness intimidation. Still, we can discern from this, together with the portion of the jury charge which is not in dispute, that the jury independently found Appellant guilty of witness intimidation at some grading. As explained, Appellant argues that he should have been sentenced at the second-degree-misdemeanor level. *See supra* note 3. Thus, he agrees that the prerequisites listed in Subsection 4952(a) were independently found beyond a reasonable doubt, but he denies that the jury found any of the aggravators listed in paragraph 4952(b)(1).

A close review of the jury instructions undermines Appellant's position. The trial court set forth multiple discrete prongs for the offense, and prefaced them with the admonition, "you must find that each of the following elements has been proven beyond a reasonable doubt." N.T., Jan. 15, 2013, at 603. Besides the two elements which comprise the offense's general definition, *see* 18 Pa.C.S. §4952(a), the trial court also explained to the jurors that they would have to find Appellant used force, violence, deception or threats, or that he acted in furtherance of a conspiracy to intimidate the witness. *See* N.T., Jan. 15, 2013, at 604-05. Under the statute, these constitute aggravating circumstances, *see* 18 Pa.C.S. §4952(b)(i), (iii), and, as explained, if one or more such aggravators are found, the crime defaults to a third-degree felony. *See id.* §4952(b)(4).[5] Because the jurors returned a conviction, they necessarily found that the prosecution had established beyond a reasonable doubt all of the elements on which they were instructed, and there is no basis to assume that the taint associated with the final element infected any of the others found by the jury. *See generally*

_____

[5] The statutory language provides that the offense is "a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim *as specified in this subsection.*" *Id.* (emphasis added). The emphasized text refers to the aggravators listed in paragraph (b)(1).

*Commonwealth v. Roney*, 622 Pa. 1, 77, 79 A.3d 595, 640 (2013) (noting that juries are presumed to follow the court's instructions).

Nevertheless, Appellant contends a special verdict slip was required to infer that the jury found even a single statutory aggravator. *See* Brief for Appellant at 21.[6] In other settings, courts infer that specific findings were made by the jury by examining the verdict in the light of other aspects of the record, including the jury instructions. *See, e.g., Commonwealth v. Aikens*, 641 Pa. 351, 362, 168 A.3d 137, 143 (2017); *Commonwealth v. Jacobs*, 614 Pa. 664, 677-80, 39 A.3d 977, 985-86 (2012) (plurality); *see generally A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 456 n.5 (9th Cir. 2013) (expressing that, because juries are presumed to follow the court's instructions, "we can infer that the jury made [a particular finding] by viewing the jury's verdict in light of the jury instructions"). Appellant does not offer any reason why this cannot be done where, as here, the jury charge included a particularized directive that the jury find a specific statutory aggravator, as well as other directives which are not in dispute. Thus, even to

---

[6] The verdict-slip question is included within the issue framed by Appellant, and accepted by this Court, for review. That issue states:

> Did the Superior Court err in ruling that the [PCRA court] correctly ruled that the original trial court's jury instruction at Count IV (Intimidation of Witness or Victim) was legally proper, despite (1) the trial court instructing the jury to find, as a matter of law, what the grading of the prior or underlying offense is, which in turn set the grading of the Intimidation of Witness or Victim charge; (2) by failing to include a place on the verdict form for the jury to indicate that it found that the prior or underlying crime was a felony of the first degree, and/or (3) by failing to include a place for the jury to indicate that it found the grading elements of subsection (b)(1)(i) or (b)(1)(iii)?

*Dixon*, ___ Pa. at ___, 241 A.3d at 1092.

the degree special jury findings may be viewed as salutary, without them we may nonetheless glean such findings through straightforward reasoning.

We conclude, then, that the jury found Appellant's conduct to have encompassed one or more aggravating factors as set forth in paragraph 4952(b)(1). This is because, before stating that "the crime is a felony of the first degree," the trial court told the jury that, to return a guilty verdict, it would have to find one of the (b)(1) aggravators. That being the case, the verdict, when purged of the taint stemming from the erroneous instruction, established guilt on the witness-intimidation charge at the third-degree-felony level. The maximum prison sentence Appellant would have faced at that level was seven years. *See* 18 Pa.C.S. 1103(3), *quoted in supra* note 2.[7] Because Appellant was sentenced to twelve years, *see generally Hudson v. Pa. Board of Parole*, 651 Pa. 308, 314, 204 A.3d 392, 396 (2019) (noting that when a defendant is sentenced to a range of years, the higher number is the actual sentence and the lower number represents the earliest parole date), for *Apprendi* purposes the sentence was greater than the otherwise-imposable statutory maximum.

Accordingly, we vacate the order of the Superior Court and remand to that court for further proceedings consistent with this opinion.

Chief Justice Baer and Justices Todd, Donohue, Wecht, and Mundy join the opinion.

Justice Dougherty files a concurring opinion in which Chief Justice Baer joins.

---

[7] There is no suggestion in this case that the Section 9714 exception – which relates to mandatory minimum sentences in the event of a second or subsequent conviction for a crime of violence, *see* 42 Pa.C.S. §9714(a) – was implicated.